James **GLIVAR**, Plaintiff–Appellant,

v.

**FOXBORO COMPANY**, Defendant–Appellee.

No. 01–3686.

United States Court of Appeals, Sixth Circuit.

Feb. 25, 2003.

Before BATCHELDER and COLE, Circuit Judges; and GRAHAM,* District Judge.

BATCHELDER, Circuit Judge.

Pro se plaintiff James Glivar appeals the district court's order granting the motion of his former employer, the Foxboro Company, for summary judgment in this action raising claims of employment discrimination and retaliation under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (ADA) and fraudulent inducement under state law. We affirm the district court's judgment.

After carefully reviewing the record, the applicable law, the parties's briefs and counsels' arguments, we are convinced that the district court accurately set out the

---

* The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

undisputed facts, correctly concluded that no genuine issue of material fact remains for trial with regard to the claims of discrimination and retaliation under the ADA, and did not err in its conclusions regarding those claims. As the district court's opinion carefully and correctly sets out the law governing the issues raised, and clearly articulates the reasons underlying its decision, issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we AFFIRM the district court's order granting summary judgment on Glivar's ADA claims.

The district court held that Glivar had failed to establish a prima facie case of fraudulent inducement because he had failed to present evidence from which a reasonable jury could find either an intent to deceive on the part of the defendants or that he had suffered any injury as a result of his reliance on any representations made by the defendants. We are hesitant to agree with the district court's conclusion that no genuine issue of fact remains as to the defendants' intent to deceive. We find no error, however, in the district court's conclusion that Glivar failed to present evidence to demonstrate that he suffered any injury proximately caused by his reliance on any representations that Foxboro made. As with the ADA claims, we conclude that the district court's opinion granting summary judgment on the fraudulent inducement claim correctly sets out the law governing this claim and clearly articulates the reasoning underlying its conclusion that Glivar failed to make out a prima facie case because he failed to show any evidence of injury. We therefore AF-

FIRM the judgment on the fraudulent inducement claim.